MARY C. VINEYARD v. W. S. GILBERT, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—430.]

**Duty of Sheriff in Selling Lots for Taxes.**

> It is the duty of the sheriff when selling lots for taxes to offer them separately, when any one of them is worth much more than the amount of taxes due thereon.

APPEAL FROM HART CIRCUIT COURT.

November 22, 1883.

OPINION BY JUDGE LEWIS:

April 24, 1875, L. H. Read executed to appellees a mortgage upon three lots of land containing thirty-two acres to secure the payment of a promissory note for $676. April, 1876, they brought this action to recover judgment for their debt and to subject the property to the payment of it. March, 1876, the sheriff sold the three lots for taxes due by L. H. Read for the year 1876, and appellant, Mary C. Vineyard, then Mary C. Read, became the purchaser of three lots appraised at $350 for the amount of taxes due and sheriff and commissioner's fees, aggregating $4.35. April, 1878, the lots were sold by a commissioner of court under judgment rendered in this action in favor of appellees, and at the sale appellant became the purchaser. But refusing to execute bond for the price bid by her, a second sale was made in April, 1879, when appellees became the purchasers.

To the report of that sale appellant filed exceptions, and at the same time filed her petition to be made a party to the action, in which she claimed the three lots in virtue of her purchase when they were sold for taxes and resisted any recovery by appellees.

The exceptions to the last sale were sustained and appellant was made a party to the action. Upon final trial the three lots were again adjudged to be sold for the payment of appellees' debt, but of the proceeds the sum of $7.47, being the taxes on the land, officers' fees, etc., paid by appellant was adjudged to be first paid to her. Her petition, so far as it sought a recovery of the land, was dismissed.

It was the duty of the sheriff when selling the land for taxes to offer the lots separately, either one of them being worth much more than the amount of taxes then due. But instead of doing so he of-

fered the three lots in a body, the result of which was that appellant purchased at that sale for the price of $4.35 land appraised at $350. Under such circumstances even if L. H. Read, in whom was the legal title to the land, had been before the court on her cross-petition appellant was not entitled to the relief asked.

The failure of the court below to adjudge to appellant thirty per cent. on the amount bid by her is too small an amount to authorize a reversal.

The judgment must be *affirmed*.

*Leslie & Botts, D. W. Lindsey, for appellant.*

*H. C. Martin, for appellees.*